UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FINCO PRIME CONSULTING CORPORATION, SWEETPEA VENTURES INC., MJT PARK INVESTORS, INC., MICHAEL TOPOREK, AND MATTHEW LIPMAN, derivatively on behalf of BROOKSTONE PARTNERS MOROCCO S.A.,<br><br>                                        Plaintiffs,<br>- vs -<br><br>OMAR BELMAMOUN,<br><br>                                        Defendant,<br><br>and<br><br>BROOKSTONE PARTNERS MOROCCO S.A.,<br><br>                                        Nominal Defendant. | **VERIFIED COMPLAINT<br>(JURY TRIAL DEMANDED)** |

Plaintiffs FinCo Prime Consulting Corporation ("FinCo Prime"), Sweetpea Ventures Inc. ("Sweetpea"), MJT Park Investors, Inc., ("MJT Park Investors"), Michael Toporek ("Toporek"), and Matthew Lipman ("Lipman") (Sweetpea, MJT Park Investors, Toporek and Lipman, collectively "Shareholder Plaintiffs") (collectively with FinCo Prime, "Plaintiffs"), derivatively and on behalf of Nominal Defendant Brookstone Partners Morocco S.A. ("BPM" or "Company"), by their attorneys, Nixon Peabody LLP, as and for their Verified Complaint against defendant Omar Belmamoun ("Defendant"), allege on knowledge as to themselves and otherwise on information and belief, as follows:

1

## INTRODUCTION

1. This is a shareholder derivative action seeking declaratory relief arising from Defendant's illegal conduct as former Chief Executive Officer of Plaintiff FinCo Prime's Non-Voting Perpetual Non-Redeemable Preferred share investor, Brookstone Partners Morocco S.A.

2. Defendant, whose term as Chief Executive Officer and authority to act on BPM's behalf expired on December 2, 2020, has continuously and improperly caused BPM to take several unauthorized corporate actions, including making demands from and instituting litigation against FinCo Prime.

3. As a result, FinCo Prime is entitled to declaratory relief affirming that it has no obligation to provide documents or information requested by Defendant as Defendant does not have the authority to act on behalf of FinCo Prime's investor BPM.

4. In addition, this shareholder derivative action seeks to remedy wrongdoing committed by Defendant as BPM's Chief Executive Officer, including, among other things, waste of corporate assets in pursuing and funding an unauthorized litigation, and improperly and illegally looting BPM by using Company funds as his own personal bank account to purchase personal items such as massages and cigars and to fund family trips.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

6. This Court also has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332. The matter in controversy, exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

7. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

8. This Court has personal jurisdiction over the Defendant because he has engaged in substantial business activities in the State of New York, maintained substantial contacts within the State of New York, and committed overt acts that are the basis of the claims herein within the State of New York. Defendant has purposefully availed himself of the opportunity to conduct business in this state through systematic and continuous dealings in New York. Defendant's actions that give rise to personal jurisdiction include, but are not limited to, the following: (1) instituting and participating in legal proceedings on behalf of BPM in the Supreme Court of the State of New York, New York County; and (2) expending BPM's funds within this state in unauthorized manners that form the basis of the claims herein.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial portion of the wrongful actions upon which this lawsuit is based occurred in this District.

**THE PARTIES**

10. Plaintiff FinCo Prime is a New York corporation with a principal place of business at 232 Madison Avenue, Suite 600 New York, New York 10016.

11. Plaintiff Sweetpea is a New York corporation with its principal place of business at 232 Madison Avenue, Suite 600 New York, New York 10016.

12. Plaintiff MJT Park Investors is a New York corporation with its principal place of business at 232 Madison Avenue, Suite 600 New York, New York 10016.

13. Plaintiff Michael Toporek is a resident of New York.

14. Plaintiff Matthew Lipman is a resident of New York.

15. Defendant Omar Belmamoun is the former Président Directeur Général of Brookstone Partners Morocco S.A. ("BPM"), (a position that is equivalent of Chairman and Chief Executive Officer ("CEO")), a shareholder of FinCo Prime. Defendant's term as CEO expired by law and BPM's bylaws on December 2, 2020.

16. Nominal Defendant BPM is a Société Anonyme, a Joint Stock Company (limited liability company), formed under the laws of the Kingdom of Morocco.

## FACTS

17. BPM is a Société Anonyme, a Joint Stock Company, formed under the laws of the Kingdom of Morocco and a shareholder in FinCo Prime.

18. Defendant was appointed Chairman and Chief Executive Officer of BPM by decision of the Board of Directors of BPM held on December 2, 2014. This decision of the Board of Directors was ratified by the Ordinary General Meeting of Shareholders held on the same day, i.e. on December 2, 2014.

19. Article 48 of the Moroccan Law No. 17-95 on Joint Stock Companies (Sociétés Anonymes) provides that: "The term of office of the directors is determined by the articles of association without being able to exceed 6 years of appointment by the general meeting, and three years in case of appointment by the articles of association."

20. Article 14.2 of BPM's Articles of Association provides that: "The term of office of the first directors appointed by the Articles of Association is three (3) years at most. The term of office of the directors appointed by the General Meetings shall be six (6) years at most; it shall expire at the end of the meeting of the Ordinary General Meeting that rules on the financial statements for the past fiscal year, held in the year during which their term of office expires."

21. Thus, Defendant's appointment as CEO on December 2, 2014, was fixed by the Articles of Association at a maximum of six years—expiring on December 2, 2020.

22. Moroccan Law No. 17-95 on Joint Stock Companies (Sociétés Anonymes) also requires that a company has a minimum of three directors on the Board of Directors at all times.

23. Prior to April 8, 2019, BPM had four directors: (1) Defendant, (2) Luminy Invest, a company controlled by Defendant, (3) Toporek and (4) Lipman.

24. On April 8, 2019, Toporek and Lipman resigned from the Board of Directors for BPM.

25. As a result, BPM has not had a valid Board of Directors under Moroccan law since April 8, 2019.

26. As former Chairman of the Board, Defendant was required, under both Moroccan Law and BPM's Articles of Association, to convene a General Shareholder's Meeting within thirty days of April 9, 2019 in order to elect a valid Board of Directors. To date, no valid Board of Directors has been elected.

27. It is in this context of governance vacancy that a legal action was introduced in Morocco, on October 13, 2021, on behalf of Toporek, Lipman, Sweetpea, and MJT Park, seeking judicial confirmation of the expiration of Defendant's term as CEO of BPM. A true and correct translated copy of this complaint is attached hereto as Exhibit 1. This action is the subject of file number 10055/8204/2021 and is set for the hearing date of March 28, 2022.

**Defendant's Improper and Unlawful Actions Purportedly on Behalf of BPM**

28. Despite the fact that Defendant's tenure as CEO of BPM expired in December 2020, Defendant has continued to purport to act on behalf of BPM causing significant damages to the Company, its shareholders, and third parties, including FinCo Prime.

29. Defendant has caused BPM to take actions solely in his interests and to the detriment of the Company, for example:

   i. Instituting an unauthorized legal action on behalf of BPM against FinCo Prime seeking the production of documents.
   ii. Instituting numerous lawsuits, in multiple fora, both on behalf of BPM and individually, against Toporek, his associates, his employees, his business partners and other investors in an effort to harass and intimidate Toporek—all such lawsuits have been dismissed.
   iii. Instituting a self-interested lawsuit against BPM seeking multimillions of dollars in allegedly unpaid salaries and bonuses and caused BPM to fail to bring a defense in the action.
   iv. Improperly and illegally looting BPM, using company funds as his own personal bank account to purchase personal items such as massages and cigars and fund family trips, and fund legal expenses on behalf of Defendant and Luminy Invest. Attached hereto as Exhibit 2 is a true and correct copy of a chart of funds Defendant has misappropriated from BPM.
   v. Making unauthorized appointments within BPM, without the approval of BPM's General Assembly and Board of Directors, including the alleged appointment of Thami Khettam as Assistant Managing Director of BPM.
   vi. Holding BPM's bank records hostage and refusing to provide shareholders with audited financial statements.
   vii. Making material misrepresentations to investors and potential business partners.

30. BPM is an investor in the Non-Voting, Perpetual, Non-Redeemable Preferred stock of FinCo Prime. As such, BPM is entitled to certain information from FinCo Prime pursuant to both the Preferred Stock Purchase Agreements that memorialized BPM's investment in FinCo Prime and New York Law.

31. On December 19, 2018, Defendant caused BPM to institute a legal proceeding in New York County Supreme Court against FinCo Prime seeking an inspection of certain books and records. *Brookstone Partners Moroccco, S.A., v. FinCo Prime Consulting Corporation,* Index Np. 656242/2018 (the "State Court Action").

32. Defendant hired a law firm and instituted the State Court Action without any authority from the Board of Directors.

33. Despite this fact, and following significant and expensive litigation, FinCo Prime produced all records in its position responsive to those specific documents demanded by BPM in the State Court Action.

34. Following such production, Defendant, who not only has been acting without proper board authorization, but also is no longer CEO of BPM, has continued to harass FinCo Prime for yet more information and threatening further litigation if FinCo Prime fails to acquiesce to all demands. Defendant has made further demands to inspect all books of accounts and records, and discuss all affairs and finances of FinCo Prime with directors of FinCo Prime on December 28, 2021, December 29, 2021, and January 14, 2022, and filed an additional Order to Show Cause in the State Court Action on February 1, 2022 seeking the same.

35. FinCo Prime, and its shareholders, should not be required to produce documents in response to a demand from an individual who is not authorized to act on behalf of BPM, FinCo Prime's investor, and furthermore, to such an individual who has in fact looted BPM of funds in excess of $1.5 million for his own personal use.

36. FinCo Prime is concerned that should it produce confidential information to Defendant, Defendant will use such information to cause significant damages to FinCo Prime and its shareholders. Defendant has a pattern of intentionally disclosing confidential agreements in breach of his fiduciary duty to entities in which he has an ownership interest, including Platinum Power. Defendant disclosed several confidential agreements, board resolutions and records, and an audio recording of a board meeting of BPM.

37. As a result, an actual, justiciable controversy exists between FinCo Prime and Defendant as to whether or not Defendant is authorized to make such demands on behalf of BPM, and likewise, whether or not FinCo Prime is required to acquiesce to such demands.

## DERIVATIVE ALLEGATIONS

38. Shareholder Plaintiffs bring this action derivatively and for the benefit of BPM to redress injuries suffered as a result of Defendant's breaches of fiduciary duties as an officer of BPM, abuse of control, gross mismanagement, and waste of corporate assets.

39. BPM is named solely as a nominal party in this action. This is not a collusive action to confer jurisdiction on this Court that it would not otherwise have.

40. Shareholder Plaintiffs are, and have at all relevant times been, shareholders of BPM. Shareholder Plaintiffs will adequately and fairly represent the interests of BPM in enforcing its rights and, to that end, has retained competent counsel to enforce and prosecute this action.

## DEMAND FUTILITY ALLEGATIONS

41. A pre-suit demand on the Board of BPM is futile and therefore, excused. At the time of filling of this action, BPM has no valid Board of Directors. The term of Luminy Invest, the other alleged member of the Board of Directors in addition to Defendant, expired on December 2, 2020. Regardless, Luminy Invest is owned and controlled by Defendant. Indeed, Defendant has utilized Company funds for the purpose of funding the illegal and unauthorized activity and litigation discussed herein.

42. Demand is excused because Defendant faces a substantial likelihood of liability as a result of the damages he caused to the Company as alleged herein. This renders Defendant unable to impartially investigate the charges and decide whether to pursue an action against himself. As a result of the foregoing, Defendant, who controls the only member of the Board of Directors of BPM, breached his fiduciary duties, faces a substantial likelihood of liability, is not disinterested, and demand upon the Board is futile, and thus excused.

## COUNT I (Declaratory Judgment)

43.  FinCo Prime hereby repeats and incorporates the preceding paragraphs of this Verified Complaint as if fully reincorporated by reference herein.

44.  There is an actual, justiciable controversy that exist among the parties concerning whether or not Defendant is authorized to make demands for inspection and production, and take action in general, on behalf of BPM, and likewise, whether or not FinCo Prime is required to acquiesce to such demands.

45.  This Court has authority pursuant to 28 U.S.C. § 2201 to issue a declaration that will resolve the parties' dispute.

46.  Accordingly, Plaintiff FinCo Prime respectfully requests that this Court enter a declaration as follows:

   a. No later than December 2, 2020, Defendant Omar Belmamoun ceased to have any legal authority to hold himself out as an officer, director, or employee of BPM, or to act on behalf of BPM;
   b. Defendant Omar Belmamoun does not have the authority to request the production of any records, inspection or information from FinCo Prime as he is not a shareholder of FinCo Prime, and does not have the authority to act on behalf of any shareholder of FinCo Prime;
   c. FinCo Prime is not required to acquiesce to any further demands for production or inspection made by Defendant Omar Belmamoun.;
   d. Defendant Omar Belmamoun is required to provide BPM with all outstanding financial records for the Company that remain in his possession from his tenure as Chief Executive Officer; and
   e. Defendant is obligated to reimburse FinCo Prime for legal expenses and fees incurred from December 20, 2020 onwards as a result of his fraudulent prosecution of an unauthorized lawsuit against FinCo Prime.

## COUNT II (Breach of Fiduciary Duty)

47.  Shareholder Plaintiffs hereby repeat and incorporate the preceding paragraphs of this Verified Complaint as if fully reincorporated by reference herein.

48. Defendant, as Chief Executive Officer of BPM, owed to BPM the duty to exercise candor, good faith, and loyalty in the management and administration of BPM's business and affairs.

49. Defendant violated and breached his fiduciary duties of candor, good faith, and loyalty.

50. Defendant's conduct set forth herein was due to his intentional or reckless breaches of the fiduciary duties he owed BPM, as alleged herein. Defendant intentionally or recklessly breached or disregarded his fiduciary duties to protect the rights and interests of BPM.

51. Defendant's actions, as alleged herein, were not good-faith exercises of prudent business judgment to protect and promote BPM's corporate interests.

52. As a direct and proximate result of Defendant's breaches of his fiduciary obligations, BPM has sustained and continues to sustain significant damages in an amount to be determined at trial. As a result of the misconduct alleged herein, the Defendant is liable to BPM.

53. Shareholder Plaintiffs have no adequate remedy at law.

## COUNT III (Abuse of Control)

54. Shareholder Plaintiffs hereby repeat and incorporate the preceding paragraphs of this Verified Complaint as if fully reincorporated by reference herein.

55. Defendant's misconduct alleged herein constituted an abuse of his ability to control and influence BPM, for which he is legally responsible.

56. As a direct and proximate result of Defendant's abuse of control, BPM has sustained significant damages in an amount to be determined at trial. As a result of the misconduct alleged herein, Defendant is liable to BPM.

57. Shareholder Plaintiffs on behalf of BPM have no adequate remedy at law.

## COUNT IV (Waste of Corporate Assets)

58.     Shareholder Plaintiffs hereby repeat and incorporate the preceding paragraphs of this Verified Complaint as if fully reincorporated by reference herein.

59.     Defendant caused BPM to expend excessive, unnecessary and unauthorized legal fees, to the detriment of the shareholders of BPM.

60.     As result of the foregoing, and by failing to properly consider the interests of the Company and its shareholders, the Defendant has caused BPM to waste valuable corporate assets, to incur significant legal liability and/or costs to prosecute unlawful actions.

61.     As a result of the waste of corporate assets, Defendant is liable to BPM in an amount to be determined at trial.

62.     Shareholder Plaintiffs have no adequate remedy at law.

## COUNT V (Accounting)

63.     Shareholder Plaintiffs hereby repeat and incorporate the preceding paragraphs of this Verified Complaint as if fully reincorporated by reference herein.

64.     Upon information and belief, and as alleged herein, in breach of his fiduciary duty, Defendant has misused BPM's funds for his own benefits.

65.     By reason of the foregoing, Shareholder Plaintiffs, on behalf of BPM, are entitled to the equitable remedy of an accounting to determine the value of said misuse of BPM funds by Defendant.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs hereby respectfully request that this Court:

(i)     Enter judgment in favor of FinCo Prime on Count I of this Complaint, declaring:

    a. No later than December 2, 2020, Defendant Omar Belmamoun ceased to have any legal authority to hold himself out as an officer, director, or employee of BPM, or to act on behalf of BPM;

    b. Defendant Omar Belmamoun does not have the authority to request the production of any records, inspection or information from FinCo Prime as he is not a shareholder of FinCo Prime, and does not have the authority to act on behalf of any shareholder of FinCo Prime;

    c. FinCo Prime is not required to acquiesce to any further demands for production or inspection made by Defendant Omar Belmamoun;

    d. Defendant Omar Belmamoun is required to provide BPM with all outstanding financial records for the Company that remain in his possession from his tenure as Chief Executive Officer; and

    e. Defendant is obligated to reimburse FinCo Prime for legal expenses and fees incurred from December 20, 2020 onwards as a result of his fraudulent prosecution of an unauthorized lawsuit against FinCo Prime.

(ii) Awarding BPM restitution from Defendant;

(iii) Awarding the equitable remedy of an accounting to determine the value of damages caused to BPM by Defendant;

(iv) Awarding Plaintiffs the costs and disbursements of this action, including reasonable attorney's fees, costs and expenses; and

(v) Enter such other relief as this Court deems just and equitable.

## JURY DEMAND

Plaintiffs demand a trial by jury.

Dated: February 2, 2022
   New York, New York

**NIXON PEABODY LLP**

By _____
  Daniel A. Schnapp
  Catherine A. Savio

55 West 46th Street Tower 46
New York, New York 10036
Telephone: (212) 940-3000
dschnapp@nixonpeabody.com
csavio@nixonpeabody.com

*Attorneys for Plaintiffs*

## RULE 23.1 VERIFICATION

STATE OF NEW YORK )
) ss:
COUNTY OF NEW YORK )

MICHAEL TOPOREK, being duly sworn, deposes and says that I am a named Plaintiff in this action. I am a shareholder of Brookstone Partners Morocco S.A. ("BPM" or "Company"), and have been at all times through the relevant time period of this action and approve the filing of this Verified Complaint. I have review all the allegations made in this VERIFIED COMPLAINT and state that the matters stated therein about which I have personal knowledge are true, and the other matters stated therein are true and accurate to the best of my knowledge, information and belief, and that as to those matters, I believe them to be true.

_____
MICHAEL TOPOREK

Sworn to before me this 2nd day of January 2022

_____
Notary Public

Mohan D. Buxani
Notary Public, State of New York
Registration No. 01BU6266896
Qualified in New York County
Commission Expires August 06, 2024