UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ X
FINCO PRIME CONSULTING CORPORATION,   :        22cv952 (DLC)
et al.,   :
  :    MEMORANDUM OPINION
                  Plaintiffs,   :      AND ORDER
      -v-   :
  :
OMAR BELMAMOUN, et al.,   :
  :
                  Defendants.   :
------------------------------------ X

DENISE COTE, District Judge:

On February 2, 2022, the plaintiffs filed a complaint asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332. In response to a court order, the plaintiffs report that diversity jurisdiction exists because all plaintiffs are citizens of New York whereas defendant Omar Belmamoun and nominal defendant Brookstone Partners Morocco S.A. ("BPM") are citizens of Morocco.[1]  Plaintiffs assert that BPM, as a Moroccan Société Anonyme, is treated as a corporation for diversity jurisdiction purposes.

Belmamoun argues that diversity jurisdiction does not exist.  Belmamoun agrees that, if treated as a corporation, BPM is a citizen of Morocco.  He asserts, however, that BPM should be treated as an LLC, as asserted in the complaint, and that once BPM is analyzed as an LLC, there would be no diversity

_____

[1] The parties do not dispute that the amount in controversy is at least $75,000.00

because BPM has both Moroccan and New York members. Alternatively, Belmamoun argues that even if BPM is considered a corporation, it should be realigned as a plaintiff, which would also destroy diversity jurisdiction.

For diversity jurisdiction to lie, "there must be complete diversity, i.e., . . . each plaintiff's citizenship must be different from the citizenship of each defendant." Hallingby v. Hallingby, 574 F.3d 51, 56 (2d Cir. 2009). "A corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C §1332(c). A limited liability company "takes the citizenship of each of its members" for purposes of diversity jurisdiction. Bayerische Landesbank, New York Branch v. Aladdin Capital Mgmt. LLC, 692 F.3d 42, 49 (2d Cir. 2012).

Generally, the corporation in a derivative suit is aligned as the plaintiff since it is the party in interest. Koster v. (Am.) Lumbermens Mut. Cas. Co., 330 U.S. 518, 522 (1947). A court may realign the parties in a diversity case, however, to ensure "that there is a bona fide controversy between, as the statute commands, citizens of different states." Maryland Cas. Co. v. W.R. Grace & Co., 23 F.3d 617, 623 (2d Cir. 1993), amended (May 16, 1994). Realignment of the parties is governed by the "collision of interests" test. Id. at 622. This test

"requires realignment of parties according to their real
interests so as to produce an actual collision of interests."
<u>Id</u>. (citation omitted).  Realignment is "a practical not a
mechanical determination and is resolved by the pleadings and
the nature of the dispute."  <u>Lewis v. Odell</u>, 503 F.2d 445, 446-
47 (2d Cir. 1974) (citation omitted).  In applying the test, a
court "examine[s] the realities of the record to discover the
real interests of the parties."  <u>Maryland Cas. Co.</u>, 23 F.3d at
623 (citation omitted).

     BPM is a citizen of Morocco.  For the purposes of
establishing diversity jurisdiction, Société Anonymes are
regularly treated as foreign corporations, which are citizens of
the state by which it has been incorporated and the state where
it has its principal place of business.  <u>Eurofins Pharma US
Holdings v. BioAlliance Pharma SA</u>, 623 F.3d 147, 152 n.3 (3d
Cir. 2010).  Thus, the key inquiry here is whether BPM is
properly aligned as a defendant or plaintiff.  According to the
complaint, BPM is under Belmamoun's management and control.
It asserts that to date, no valid Board of Directors has been
elected and Belmamoun has continued to purport to act on behalf
of BPM.  The complaint includes a list of discrete actions that
Belmamoun has caused BPM to take, including instituting numerous
legal actions and making material misrepresentations to
investors and potential partners.  Plaintiffs further allege

that Belmamoun has utilized BPM funds not only for personal use but also for the purpose of funding the unauthorized activity taken on behalf of BPM as discussed in the complaint.

Belmamoun's alleged control over BPM renders BPM adverse to the plaintiffs' interests.  There is "antagonism between the stockholder and the management . . . whenever the management is aligned against the stockholder and defends a course of conduct which he attacks."  Smith v. Sperling, 354 U.S. 91, 95 (1957). Through its managers, BPM has become, according to the complaint, "hostile and antagonistic to the enforcement of the claim."  Id.

Belmamoun argues that while there is antagonism between plaintiffs and himself, the owners of BPM are "split" in their positions.  Belmamoun further asserts that BPM has not yet appeared, may never appear, and could be a completely neutral party if it does appear.  These arguments are unavailing. According to the complaint, Belmamoun currently acts on behalf of BPM.  This creates a current and real collision of interest between the plaintiffs and BPM.

## CONCLUSION

Subject matter jurisdiction exists on the basis of diversity, and this case shall proceed according to the scheduling order already in place.

SO ORDERED:

Dated:      New York, New York
            June 22, 2022

                                    _____
                                    DENISE COTE
                                    United States District Judge